KATZ, APPELLANT, *v.* PRESTON ET AL., APPELLEES.
(Two cases.)

(Nos. 6289 and 6290—Decided July 6, 1943.)

*Mr. Joseph Schwartz* and *Mr. Benjamin S. Schwartz,* for appellants.

*Mr. Henry B. Street* and *Messrs. Harmon, Colston, Goldsmith & Hoadly,* for appellees.

HILDEBRANT, J. These are actions *ex delicto* by a wife for injuries, and by her husband for loss of services, expenses, etc., originally against co-owners in possession and control of premises, part of which was occupied by plaintiffs as tenants.

Along a cement walk used for ingress and egress, defendants maintained a barberry bush serving as a fence and protection against an excavation nearby. While using the walk, the wife pierced her hand with thorns from the barberry bush, with the alleged injuries resulting. One of the co-owners having died, her administrator was dismissed, on demurrer, for failure of plaintiffs to file the unliquidated tort claim against the estate within the time prescribed by the Probate Code.

Demurrer to the fourth amended petition, on grounds of nonjoinder, was sustained by the court below. Plain-

tiffs, not desiring to plead further, appeal to this court on questions of law.

Admittedly, the general rule at common law and under the statute and rules of practice in Ohio is that, one injured by the wrongful act of two or more joint tort-feasors may elect to sue each of them separately or join them as parties defendant in a single action.

Defendant contends that this case comes under an exception to the general rule with reference to a tort action growing out of the joint ownership of land, wherein it is required the joint owners be joined on the theory that the tort consists of an omission to act, a nonfeasance of duty incumbent by reason of ownership, therefore bringing in question the title to the real estate. Defendant cites 30 Ohio Jurisprudence, 768, Section 45, and 783, Section 55; 5 Durnford & East's Reports; *Low* v. *Mumford,* 14 Johns. (N. Y.), 426, 7 Am. Dec., 469; *Sumner* v. *Tileston,* 21 Mass. (4 Pick.), 308; *Southard* v. *Hill,* 44 Me., 92, 69 Am. Dec., 85; and Gould on Pleading (4 Ed.), 194-195, in support of that contention.

In *Gibson* v. *Johnson,* 69 Ohio App., 19, 42 N. E. (2d), 689, this court examined some of those authorities in connection with this same question and held that "liability for injury caused by defective condition of real estate results from occupation and control and not upon title," and the injured person could elect to sue any one without joining the others.

In 4 Restatement of the Law of Torts, 445, Section 878, it is stated:

"Each of two or more persons who fail in the performance of a common non-contractual duty is liable for the entire harm of which such failure is the legal cause."

It is further stated on the same page that the above rule applies to co-owners, and that the rule as to joinder of such persons in one action is stated in Section 882, which is as follows:

"Where each of two or more persons is liable for the full amount of damages which are allowed for a single harm resulting from their tortious conduct, the injured person can properly maintain a single action against one, some, or all of them."

While included in the demurrer below was the ground that the petition did not state facts sufficient to show a cause of action, it was sustained, so far as the record shows, solely upon the ground of nonjoinder, so this court expresses no opinion as to the sufficiency of the allegations in the petition to state a cause of action.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

Ross, P. J., and MATTHEWS, J., concur.